IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ROBERT LOGAN GORMAN,

    Movant,

v.                                                                 Case No. 2:23-cv-00468
                                                                   Case No. 2:19-cr-00131

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Movant, Robert Logan Gorman's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. [ECF No. 64]. This matter is assigned to the undersigned United States District Judge and is referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the court, it is hereby **ORDERED** that the referral to the Magistrate Judge is **WITHDRAWN** and the undersigned will proceed to rule on the motion.

I.     **Relevant Procedural History**

On December 4, 2018, Defendant was charged by criminal complaint in this United States District Court with one count of possession of a firearm by an unlawful user or addict of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). [ECF No. 1]. On May 14, 2019, he was charged by information with

possession of a firearm by an unlawful user or addict of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) ("Count One"), and illegal possession of a firearm silencer, in violation of 26 U.S.C. §§ 5861(d) and 5871 ("Count Two"). [ECF No. 3].

On May 29, 2019, Defendant waived indictment and pled guilty to Counts One and Two of the information pursuant to a written plea agreement. [ECF Nos. 14, 15]. His plea agreement contained a Stipulation of Facts in which he admitted to possession of several firearms and a firearm silencer and acknowledged that he had been using drugs since the age of 15 and, for the previous six months, had been smoking methamphetamine, a schedule II controlled substance, every other day. [ECF No. 15 at 14-15]. Significantly, Defendant's plea agreement also contained a waiver provision in which he knowingly and voluntarily waived the right to challenge the constitutionality of his statutes of conviction (including 18 U.S.C. § 922(g)(3)), and further knowingly and voluntarily waived the right to bring any collateral attack of his conviction and sentence under 28 U.S.C. § 2255 that is not based upon a claim of ineffective assistance of counsel. [*Id.* at 7-8, ¶ 12].

On September 26, 2019, I sentenced Defendant to 78 months of imprisonment on Count One and 78 months of imprisonment on Count Two, to be served concurrently, followed by a three-year term of supervised release. [ECF No. 27]. Defendant did not file a direct appeal of his conviction or sentence.[1] However, nearly

---

[1] Defendant subsequently filed an Emergency Motion for Compassionate Release under 18 U.S.C. § 3582(c), which I denied on July 28, 2020. [ECF Nos. 42, 49]. Defendant appealed that decision to the United States Court of Appeals for the Fourth Circuit, which affirmed the denial of the compassionate

four years later, on July 5, 2023, he filed the instant § 2255 motion, contending that the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), which was decided on June 23, 2022, rendered 18 U.S.C. § 922(g)(3) unconstitutional. [ECF No. 64].[2] Defendant asserts that, under the new standard addressed in *Bruen*, 597 U.S. at 24, the plain text of the Second Amendment of the United States Constitution[3] covers his conduct, providing presumptive constitutional protection, and there is no historical analogue for the firearm restriction set forth in § 922(g)(3). Therefore, Defendant asserts that § 922(g)(3) unconstitutionally infringes on his right to keep and bear arms for self-defense. [*Id.* at 3-6]. He further appears to assert a facial challenge to § 922(g)(3) as being unconstitutionally vague. [*Id.* at 4]. Therefore, he seeks vacatur of his conviction and sentence and dismissal of his charges. [*Id.* at 2].

On December 29, 2023, the United States of America ("the Government") filed a Response in Opposition to Defendant's section 2255 motion asserting that this § 2255 motion is untimely filed and that Defendant's claim for relief is barred by the waiver provisions in his written plea agreement. [ECF No. 70 at 2-4]. The Government further asserts that § 922(g)(3) is still constitutional after *Bruen* and

---

release motion on June 15, 2021. *United States v. Gorman*, No. 21-5305 (4th Cir. June 15, 2021). [ECF No. 60].

[2] The title of Defendant's motion seeks "permission to file a second or successive § 2255 motion." As previously noted by Magistrate Judge Tinsley, this is not a second or successive § 2255 motion. Rather, this is Defendant's first § 2255 motion. Thus, no authorization under 28 U.S.C. §§ 2244 and 2255(h)(2) is necessary.

[3] The Second Amendment states that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

that Defendant would be serving the same sentence based upon his conviction on Count Two of the information, which he has not challenged. [*Id.* at 2, 4-7]. Defendant did not file a reply. This matter is ripe for adjudication.

## II. Discussion

### A. Defendant's claim is waived by his plea agreement.

As noted above, Defendant's plea agreement knowingly and voluntarily waived most of his appellate and collateral attack rights, which he acknowledged during his plea hearing. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 2011); *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may [knowingly and voluntarily] waive his right to attack his conviction and sentence collaterally" in his plea agreement, in which case he "cannot challenge his conviction or sentence in a § 2255 motion."); *United State v. Wessells,* 936 F.2d 165, 167 (4th Cir.1991) (appellate waiver is effective if knowingly and intelligently made); *see also United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992); *United States v. Davis,* 954 F.2d 182, 186 (4th Cir.1992); *United States v. Wiggins,* 905 F.2d 51, 52–54 (4th Cir.1990); *United States v. Clark,* 865 F.2d 1433, 1437 (4th Cir.1989) (en banc). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992); *see also Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001) ("absent clear and convincing evidence to the contrary," a defendant is bound by statements made under oath at Rule 11 hearing). As asserted by the Government, Defendant has not claimed or demonstrated that his plea

agreement, including these waiver provisions, was not knowing and voluntary. [ECF No. 70 at 4].

Defendant's plea agreement specifically waived the right to challenge the constitutionality of his statutes of conviction, including 18 U.S.C. § 922(g)(3), which is the basis of his current claim. Moreover, Defendant waived the right to bring any collateral challenge to his conviction or sentence under § 2255 that is not grounded in ineffective assistance of counsel and the present § 2255 motion does not assert any claims of ineffective assistance by his trial counsel. Accordingly, Defendant's substantive challenge to the constitutionality of his § 922(g)(3) conviction is barred by these valid waiver provisions.

B. **Defendant's § 2255 motion is untimely filed.**

Even if Defendant had not waived his current claim, it is not timely brought. In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed, if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. As noted by the Government, Defendant's criminal judgment became final on or about October 10, 2019, when he did not file a direct appeal to the Fourth Circuit within 14 days of the entry of his Judgment on September 26, 2019. [ECF No. 70 at 2-3]. Thus, pursuant to 28 U.S.C. § 2255(f)(1), Defendant had until October 10, 2020 to file a timely § 2255 motion concerning this conviction and sentence, which he failed to do. [*Id.*] Accordingly, his current § 2255 motion, which was received and docketed by the Clerk's Office on July 5, 2023, was untimely filed under § 2255(f)(1).

Moreover, to the extent that Defendant may be attempting to rely on the date of the *Bruen* decision to alternatively run the statute of limitations under § 2255(f)(3), even if the *Bruen* decision were determined to be a newly recognized right that is retroactively applicable on collateral review, Defendant's § 2255 motion was not filed within one year of the *Bruen* decision.[4] Thus, his § 2255 motion is still untimely filed, which bars substantive review of his claim for relief.

### III. Conclusion

For the reasons stated herein, it is hereby **ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [ECF No. 64] is **DENIED** and this civil action is **DISMISSED** from the docket of the court.

I have additionally considered whether to grant a certificate of appealability, which shall not be granted unless there is "a substantial showing of the denial of a

---

[4] As further noted by the Government [ECF No. 70 at 3], even applying the "prison mailbox rule" addressed in *Houston v. Lack*, 487 U.S. 266 (1988), the accompanying certificate of service [ECF No. 64 at 7] demonstrates that Defendant's motion documents were not placed in the prison mail system until June 27, 2023, which is four days after the AEDPA deadline.

constitutional right." *See* 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claim by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). I conclude that the governing standard is not satisfied here. Accordingly, a certificate of appealability is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: November 19, 2025

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE